IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                 CIV 01-242 LH/KBM
                                                CR  94-732 LH

DAVID KEE MANN,

    Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on David Kee Mann's motion brought pursuant to 28 U.S.C. § 2255 *(Doc. 1)*, and the United States' Answer *(Doc. 5)*.  Having considered the record and relevant law, and incorporating the reasons and authorities set forth in the United States' response, I find the motion is not well-taken and recommend that it be denied.  I confine this analysis to a few additional observations.

    The jury found Defendant guilty of one count of aggravated sexual abuse of an eleven-year old female relative "S.Y.", but acquitted him of a second charge of sexual abuse as to another female relative "K.C."  Defendant received a sentence of 108 months incarceration.  In this action he raises four claims.

    Mann first argues that evidence of molestation of yet another child "R.K." should not have been admitted under FED. R. EVID. 413 because that rule not "effective" until after the trial started.  This claim, as well as other related claims in this regard, were rejected by the United States Court of Appeals for the Tenth Circuit on the merits on direct appeal.  *See United States v.*

*Mann,* 145 F.3d 1347 (10th Cir.) (unpublished), *cert. denied,* 525 U.S. 897 (1998), *appeal after remand,* 193 F.3d 1172 (10th Cir. 1999), *cert. denied,* 529 U.S. 1011 (2000). As such, this claim may not be relitigated pursuant to a § 2255 motion. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Defendant's remaining claims are conclusory and interrelated. In his second claim, Mann simply alleges "fabrication." Without specifics, he asserts that "numerous" witnesses lied, that their "credibility should have been in question," and that "a lot" of hearsay was presented during trial. Defendant's third claim is for ineffective assistance of counsel, where he alleges that his attorney did not cross-examine S.Y., should have researched "more evidence, and the "whole trial was base on emotions, my lawyer was railroaded through the whole trial." In his fourth claim, Mann contends that the "medical conclusions were not conclusive" because, at the time of the examination, there was "no acid phosphatase testing" and it was unclear how long the rape occurred before the examination.

I carefully reviewed the entire record and transcripts of the criminal proceedings. Given the subject matter of the charges, the trial was "emotional," particularly for the witnesses. The record is replete with objections and sidebar conferences as well as instances where the trial judge and counsel minimized hearsay during testimony. The physician who examined S.Y. found no physical evidence of penetration and indicated that the victim told him Defendant did not ejaculate. S.Y. tested negative for sexually transmitted diseases. The physician and other expert witnesses testified that lack of such physical evidence can nevertheless be consistent with sexual abuse of young children. Thus, assessing what the children had told professionals and their families about the incidents and the behavior exhibited by the children was crucial to a conviction.

The primary focus of the defense strategy was to challenge the credibility of the children and/or their immediate family members.  The defense sought to expose motives to fabricate the allegations.  Defendant testified that he did not molest the children, and that when he learned of the accusations, he told the investigator, "I'll have my blood taken and her blood taken, and let's go get that done before the sun goes down."  *Transcript* at 832.

I construe Defendants second and fourth claims as sufficiency of the evidence claims.  As to the failure to perform chemical tests, apparently none were done because of an absence of seminal fluid.  As to Mann's assertion that his conviction resulted from fabricated testimony, Defense counsel did cross-examine S.Y., although not to the full extent she wished.

On direct appeal a Tenth Circuit panel found the trial judge's failure to allow certain cross-examination of S.Y. violated the Confrontation Clause, but held the error was harmless.  It declined to reverse stating, "we have no doubt that the jury would have evaluated the defense's theory in the same manner absent the constitutional violation."  It is evident that the jury carefully considered defense counsel's impeachment, as it acquitted the Defendant of the charge against him for molesting another child.  In assessing a sufficiency of evidence claim, a court sitting in habeas corpus does not reassess the credibility of witnesses.   Furthermore, adverse rulings on defense counsel's objections and motions neither indicates "railroading" nor renders her performance constitutionally infirm.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** the petition be denied and this action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE